UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| JAMES K. SCHENKE, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | NO. 4:18CV87-PPS/JEM |
|  | ) |  |
| QUENTIN PHELPS, Patrol Officer, | ) |  |
| JASON DOMBKOWSKI, Police Chief, | ) |  |
| JOHN DENNIS, Mayor, | ) |  |
| DAVID LORD, Lieutenant, | ) |  |
| ADAM FREGUSON, Patrol Officer, | ) |  |
| ANY TBD WLPD OFFICER | ) |  |
| INVOLVED, | ) |  |
| MATT ROSENBARGER, Detective, | ) |  |
| KEENE RED ELK, Captain, and | ) |  |
| ANY TBD PUPD OFFICER | ) |  |
| INVOLVED, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## OPINION AND ORDER

Acting on his own without an attorney, James K. Schenke filed this lawsuit against a group of defendants associated with the City of West Lafayette, Indiana, and a smaller group of defendants associated with the Purdue University Police. Both groups of defendants have filed a motion to dismiss Schenke's complaint. Schenke has not filed any opposition to either motion.

Schenke's complaint tells a convoluted tale, and not in chronological order. Schenke begins with the events of November 11, 2016, when he says that he was "falsely arrested" by West Lafayette police officers "led by [defendant] patrolman Quentin Phelps." [DE 1 at 2.] Schenke claims that without cause the officers were

physically abusive, including by slamming Schenke's head into the top of a police car and by elbowing Schenke in the throat. The arrest was apparently on public intoxication charges, which were later dismissed. Also alleged is that Schenke "had been verbally and physically assaulted by drunken, belligerent college students who at one point in a brawl that started among themselves, nearly knocked Schenke down." [DE 1 at 2.]

The day also reportedly involved several trips for Schenke to St. Elizabeth's Hospital – earlier for a scheduled surgery that was cancelled because Schenke had an infection, then later for a health check as part of Schenke's arrest and detention. Schenke alleges that he had asked Phelps and other officers for help because he'd locked his keys in his car, but they refused that help and advised him to check into a motel. This presumably happened before the false arrest. Then there are allegations about Schenke's "supposed victim, Christina," and the officers' failure to speak with her, which Schenke insists would have cleared up any suggestion of wrong-doing on his part. [DE 1 at 3.]

The complaint goes on to relate that Schenke's wife filed for divorce four days later on November 15, 2016, and, based on the public intoxication arrest, the court issued a no-contact order that rendered Schenke homeless. Schenke alleges that the public intoxication charge and protective order had further ramifications. These included defendant Red Elk, captain of the Purdue University Police Department, allegedly "pounc[ing] on" Schenke to advise him not only that he was terminated from employment with the university, but was also *persona non grata* on the campus. [DE 1 at 4.]

Schenke alleges that, also based on the protective order, Tippecanoe County deputy sheriffs seized Schenke's lawfully-owned firearms. Schenke contends that the West Lafayette Police Department continues to illegally harass and falsely arrest him based on the protective order, even though it was later "gutted then vacated." [*Id*. at 4.] The complaint contains some facts about an arrest by unnamed WLPD officers in a restaurant in January 2017, somehow relating to a birthday present Schenke had sent for his daughter to her grandmother's home. Unnamed WLPD officers are also alleged to have caused Schenke's church to sign a no trespass order against him. The complaint then appears to circle back to additional details about the events of November 11, 2016, followed by allegations about Schenke's history with WLPD Chief Jason Dombkowski and Mayor John Dennis. As for the nature of Schenke's legal claims, the complaint makes references to false arrest, harassment and violations of First and Second Amendment rights.

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

The group calling themselves the West Lafayette Defendants are those Schenke has named as Patrol Officer Quentin Phelps, Mayor John Dennis, Police Chief Jason Dombkowski, Patrol Officer Adam Ferguson, and Lieutenant David Lord. They

3

describe the complaint as containing "22 paragraphs of 'claims and facts' which are a combination of legal conclusions and unclear and vague declarations that lack any coherent progression or relevance" along with "24 pages of attachments which are given no explanation." [DE 10 at 1.] The "Purdue Defendants" are Matt Rosenbarger and Keene Red Elk, and their motion to dismiss adopts the West Lafayette Defendants' arguments that the complaint fails to comply with the pleading requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure. [DE 14 at 2.]

Although a *pro se* plaintiff's filings are given the benefit of a generous interpretation, he is still required to follow the Rules of Civil Procedure. *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Townsend v. Alexian Brothers Medical Center*, 589 Fed.Appx. 338, 339 (7th Cir. 2015). Schenke's complaint fails to comply with a number of procedural rules. First, I note that the local rules of this court require all pleadings (such as complaints), motions and briefs to be double-spaced, and to "include a separate index identifying and briefly describing each exhibit if there are more than four exhibits." N.D.Ind. L.R. 5-4(a)(5), (8). It's unclear how many separate exhibits Schenke's attachments are.

Complaints are pleadings, and so are subject to the requirements of Fed.R.Civ.P. 10(b): "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances," and "each claim founded on a separate transaction or occurrence…must be stated in a separate count…" Schenke's single-spaced paragraphs are lengthy and dense, and so fail to comply with Rule 10(b), as well as Fed.R.Civ.P. 8(d)(1), which requires that "[e]ach allegation must be simple,

concise and direct.." These shortcomings of the complaint make it impossible for defendants to readily "admit or deny the allegations asserted against [them] by an opposing party" as they are required to do by Rule 8(b)(1)(B).

Rule 8's General Rules of Pleading include that a complaint contain "a short and plain statement of the grounds for the court's jurisdiction," and "a short and plain statement of the claim showing that the pleader is entitled to relief." Schenke's complaint contains no jurisdictional statement at all, and cannot be said to offer a short and plain statement of his various claims against particular defendants. The confusing narrative presentation of facts and claims deprives the defendants of "fair notice of what the…claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). I agree with the West Lafayette defendants that, to too large an extent, the complaint "improperly requires Defendants to guess and speculate what wrongful act plaintiff may be alleging and extrapolate from that what violation plaintiff may be claiming caused his damages and the legal basis he has for making that claim." [DE 10 at 2.]

While I construe Schenke's complaint liberally because he is acting without counsel, the complaint in its present form defies a construction that is intelligible and meets the standards of Rules 8 and 10 without organizing the plaintiff's legal theories and claims for him. Such a complaint must be dismissed under Rule 12(b)(6): "where the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy." *Stanard v. Nygren*, 658 F.3d 792, 798 (7th Cir. 2011).

5

The excessive and meandering detail of Schenke's fact pleading makes it "impossible for the district court to identify the specific allegations against each defendant and therefore impossible to determine whether there are potential claims against any of them." *Griffin v. Milwaukee Cty.*, 369 Fed.Appx. 741, 743 (7th Cir. 2010). Complaints are supposed to be "straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). *See also Davis v. Anderson*, 718 Fed.Appx. 420, 424 (7th Cir. 2017).

The result of this analysis is that the complaint must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted, but to allow Schenke an opportunity to remedy the defects of his pleading by filing an amended complaint. In the Seventh Circuit, "the usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish*, 898 F.3d at 738.

A few coins could be extracted from the bucket of mud that is Schenke's complaint, and the defendants have made some legal arguments against the merits of particular claims where they could be identified. The West Lafayette defendants erroneously make a two-year statute of limitations argument against any federal civil rights claims brought under 42 U.S.C. §1983 concerning events of November 11, 2016, wrongly asserting that the complaint was "filed on November 20, 2018." [DE 10 at 7.] In fact, the complaint was filed on November 9, 2018. [DE 1.]

The West Lafayette defendants point out that defendants David Lord and Adam Ferguson are not mentioned within the complaint. Obviously, Schenke has not stated any viable claims against Lord or Ferguson if he has failed entirely to allege what actions they took and any basis for their liability to him. "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). See also *Lennon v. City of Carmel, Indiana*, 865 F.3d 503, 507 (7th Cir. 2017) (failure to allege that named defendants were personally involved is a "fatal flaw" in a suit under section 1983). Besides naming individuals and then making no allegations about their conduct, Schenke has a habit of referring generally to categories of officers and officials (such as "WLPD officers," "Tippecanoe Sheriff Deputies" and "Purdue and West Lafayette officials") without identifying the conduct of particular actors. The doctrine of respondeat superior, which allows an employer to be held liable for subordinates' actions in some types of cases, has no application to § 1983 actions for civil rights violations. *Moore v. State of Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993).

To the extent that the complaint lists "Any TBD WLPD officer involved" in the list of defendants on page 1, no claim is stated either. The Court of Appeals has said that "it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed.R.Civ.P. 15…nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997). Schenke's list of defendants repeats this same phrase but corresponding to an address

7

for the Purdue University Police, so I presume that he intended the same sort of John Doe placeholder for those officers as well, but it is unavailing for the same reason.

The West Lafayette Defendants also point out that "harassment" is not sufficient to state a constitutional claim under 42 U.S.C. §1983 (if that was Schenke's intent). Courts have long recognized that: "Citizens do not have a constitutional right to courteous treatment by the police. Verbal harassment and abusive language, while 'unprofessional and inexcusable,' are simply not sufficient to state a constitutional claim[.]" *Slagel v. Shell Oil Refinery*, 811 F.Supp. 378, 382 (C.D.Ill. 1993), quoting *Patton v. Przybylski*, 822 F.2d 697, 700 (7th Cir. 1987). *See also Fuson v. City of Indianapolis*, 2016 WL 1270203, at *13 (S.D.Ind. Mar. 31, 2016) ("Quite simply, the Fourth Amendment does not protect citizens from being treated rudely by police officers.").

The West Lafayette Defendants argue that the existence of probable cause defeats any claim for false arrest or illegal search and seizure. In support, they rely upon statements in the police report Schenke has attached to his complaint, but those "facts" are clearly disputed by the complaint's factual allegations concerning Schenke's sobriety and behavior that night. Probable cause and qualified immunity determinations cannot be made at this juncture. Neither can the West Lafayette Defendants argue their way to judgment on the merits of any excessive force claims or punitive damages under federal law at this stage of the case. Generalized arguments about the availability of state law claims, and about damages under state law, are premature as it is unclear from the current complaint what if any state law claims are alleged.

The Purdue Defendants rightly point out that the Eleventh Amendment bars actions in federal court against state officials acting in their official capacities. "A plaintiff cannot bring a claim for damages against state personnel in their official capacities." *Haynes v. Indiana University*, 902 F.3d 724, 732 (7th Cir. 2018). Sovereign immunity also bars a damages action against state defendants in their individual capacities *if* any resulting judgment would be paid by the state treasury. *Id*.

**CONCLUSION**

Both motions to dismiss will be granted because James Schenke's complaint is subject to dismissal for failure to state a claim. But he will be given an opportunity to revise his pleading and file an amended complaint. Schenke's failure to timely file an amended complaint will result in the dismissal of his case with prejudice. If Schenke persists with the litigation, he should take advantage of the considerable guidance on the requirements for a viable complaint contained in this opinion.

**ACCORDINGLY:**

The Motion to Dismiss of defendants Phelps, Dennis, Dombkowski, Lord and Ferguson [DE 9] is **GRANTED.**

The Motion to Dismiss of defendants Rosenbarger and Red Elk [DE 13] is **GRANTED**.

The complaint [DE 1] is **DISMISSED.**

Plaintiff Schenke is granted to **July 19, 2019** to submit an amended complaint. If he fails to do so, this case will be dismissed without further notice.

**SO ORDERED.**

**ENTERED: June 17, 2019.**

                                         **/s/ Philip P. Simon**
                                         **PHILIP P. SIMON, JUDGE**
                                         **UNITED STATES DISTRICT COURT**